# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50693
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adrian Hermosillo-Lujan,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-63-1

———————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Adrian Hermosillo-Lujan appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing for the first time on appeal that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and the Government has filed an unopposed

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50693

motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

Hermosillo-Lujan's argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Therefore, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.